UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

FOLDFAST, LLC
a Florida Limited Liability Company,

Plaintiff,

v.

MAXI AIDS, INC.
a New York Corporation,

ELLIOT ZARETSKY,
an individual, and

AMAZON.COM, INC.,
a Washington Corporation,

Defendants.
_____/

## COMPLAINT

Plaintiff FOLDFAST, LLC ("FOLDFAST"), sues Defendants MAXI AIDS, INC. ("MAXI AIDS"), ELLIOT ZARETSKY ("ZARETSKY"), and AMAZON.COM, INC. ("AMAZON"), and alleges as follows:

### THE PARTIES

1. Plaintiff FOLDFAST is a Florida limited liability company having a registered business address of 4710 NE 11th Avenue, Oakland Park, FL 33334.

2. Defendant MAXI AIDS is a New York corporation, having a registered business address of 42 Executive Boulevard, Farmingdale, NY 11735.

3. Defendant ZARETSKY, is an individual residing in the State of New York.

1

4. Defendant AMAZON is a Washington corporation having a registered address of 300 Deschutes Way, SW, Suite 304, Tumwater, WA 98501.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §271 et seq., and trademark infringement arising under the trademark laws of the United States, 15 U.S.C. §1051 et seq.

6. This Court has original jurisdiction pursuant to: 28 U.S.C. §1331 as this is a civil action arising under the laws of the United States; 28 U.S.C. §1338(a) as this is a civil action arising under the Patent and Trademark Laws of the United States.

7. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391(b) and (c), and 28 U.S.C. §1400 as the Defendants "reside" in this judicial district, as the term "reside" is interpreted under Chapter 87, United States Code, and because a substantial part of the events giving rise to the infringement claims at issue, including the sale of accused infringing devices, occurred within this judicial district. Venue for personal liability of a corporate officer/owner for acts of infringement by the corporation may reasonably be based on the venue provisions for the corporation. Hoover Group, Inc. v. Custom Metalcraft, Inc., 84 F.3d 1408 (Fed. Cir. 1996).

## BACKGROUND AND GENERAL ALLEGATIONS

8. On March 26, 2002, United States Patent No. 6,360,927 (hereinafter the "'927 Patent"), for a garment folding apparatus was duly and regularly issued to Deborah Barker, a copy of which is attached hereto as **Exhibit "A"**.

9. The '927 Patent describes and claims a garment folding apparatus for rapidly and uniformly folding clothing, such as shirts and tops.

10. Plaintiff FOLD FAST has acquired the exclusive rights to make, use, sell and/or offer for sale, garment folding apparatus falling under the '927 Patent.

11. To date, garment folding apparatus manufactured and sold in accordance with the '927 patent have experienced widespread commercial success with approximately one-million four-hundred thousand (1,400,000) units sold in the United Stated and throughout the world.

12. Plaintiff has given notice of the '927 Patent by duly and properly marking the patent number on garment folding apparatus sold by it in accordance with 35 U.S.C. §287.

13. Garment folding apparatus sold by Plaintiff are well engineered, have been tested for repeated use, have been subjected to focus group analysis, and are manufactured in accordance with strict quality control standards.

14. Since at least as early as January 31, 1999, Plaintiff has continuously used the trademark FLIPFOLD®, to identify Plaintiff as the source of high quality garment folding apparatus. During this period, the FLIPFOLD® mark and reputation have continuously grown and it is well known throughout the United States and the world as a source of origin in FOLD FAST for these goods.

15. On September 11, 2001, the United States Patent and Trademark Office issued Plaintiff U.S. Trademark Registration No. 2,488,859, for the mark FLIPFOLD®, in connection with apparatus for folding shirts and tops. A copy of the federal trademark registration is attached hereto as **Exhibit "B"**.

16. Plaintiff is vested with exclusive rights to use the FLIPFOLD® mark in U.S. commerce pursuant to an exclusive license agreement.

17. Over the years, Plaintiff has devoted considerable resources and funds establishing the FLIPFOLD® trademark in the minds of consumers as a source of high quality garment folding apparatus.

18. Garment folding apparatus sold under the FLIPFOLD® trademark have been featured and sold throughout the United States and the world via over 200 featured on-air appearances on The Home Shopping Network ("HSN") over the past 10 years, and through Plaintiff's on-line retail outlet located at www.flipfold.com, as well as through various big box brick and mortar outlets, such as Target Stores, The Container Stores, and through various overseas distributors.

19. The mark FLIPFOLD® has become associated in the minds of purchasers with Plaintiff as one of the largest and most reputable manufactures of efficiency products for household and commercial use.

## INFRINGING ACTIVITY

20. Defendant MAXI AIDS sells goods in U.S. commerce, and operates an on-line retail store at the web address www.maxiaids.com (hereinafter the "MAXI AIDS WEBSITE"), wherein various household items are offered for sale and sold.

21. Defendant ZARETSKY, upon information and belief, founded MAXI AIDS, is the president, and chairman or chief executive officer, controls the day to day operations, and exerts complete dominion and control over Defendant MAXI AIDS and the MAXI AIDS WEBSITE.

22. In 2009, Plaintiff became aware that MAXI AIDS was selling a garment folding apparatus, identified as the Reizen EZ Fold Clothes Folder (hereinafter the "Reizen EZ Fold") a depiction of which is attached hereto as **Exhibit "C"**.

23. By way of correspondence dated May 13, 2009, Plaintiff provided MAXI AIDS with actual notice of and a copy of the '927 Patent, informed MAXI AIDS that the Reizen EZ Fold apparatus infringed the '927 Patent, and demanded that MAXI AIDS terminate the advertising and sale of the infringing garment folding apparatus. A copy of the May 13, 2009 letter is attached hereto as **Exhibit "D"**.

24. By way of correspondence dated May 18, 2009, Defendant Zaretsky acting as President of MAXI AIDS represented that it would discontinue the item completely and no longer purchase the item from any foreign or domestic supplier. A copy of the May 18, 2009 letter is attached hereto as **Exhibit "E"**.

25. Despite being placed on actual notice of the '927 Patent, MAXI AIDS is again selling a clothes folding apparatus (hereinafter the "Accused Device") that infringes Plaintiff's '927 Patent as evidenced by the screen display from the MAXI AIDS website attached hereto as **Exhibit "F"**.

26. MAXI AIDS has sold the Accused Device to persons within this judicial district. Photographs depicting the Accused Device, including documents found within the packaging identifying an unknown entity, WÄSCHE BUTLER, as being associated with an actual sale by MAXI AIDS to a consumer within this judicial district are attached hereto as **Exhibit "G"**.

27. MAXI AIDS conducts business on a systematic and continuous basis within the United States and abroad, including the state of Floirda and this judicial district.

28. MAXI AIDS offers for sale and sells, the Accused Device within the United States and this judicial district.

29. MAXI AIDS goods are sold to customers throughout the United States, including customers within the state of Florida and this judicial district.

30. Defendant MAXI AIDS' website, www.maxiaids.com, through which the Accused Device is sold, is available and accessible within the Southern District of Florida.

31. Defendant ZARETSKY, on information and belief and at all times material hereto: (a) is the founder, president, and chairman or chief executive officer of MAXI AIDS, controls the day to day operations, and exerts complete dominion and control over MAXI AIDS; (b) knowingly and actively assisted in the infringement complained of herein; (c) personally aided, participated in, approved, ratified and/or induced MAXI AIDS infringing acts set forth herein, and (d) is directly responsible for all of the infringing activities of MAXI AIDS as the moving force behind the infringing activity from which he personally financially benefitted.

32. Defendant MAXI AIDS has been used by Defendant ZARETSKY as a mere instrumentality to knowingly and willfully engage in the sale of infringing goods. Accordingly, MAXI AIDS is an alter ego of ZARETSKY.

33. Defendant AMAZON offers for sale, and sells the Accused Device and other infringing devices (hereinafter collectively the "Accused Devices") to persons within this judicial district via the website www.amazon.com (hereinafter the "Amazon.com"). A screen display from Amzon.com depicting Accused Devices supplied by numerous sources, including MAXI AIDS, Pial, Dial, and Elixir is attached hereto as **Exhibit "H"**.

34. AMAZON has contributed to and induced infringement of the '927 patent by providing and continuing to provide e-commerce services to third parties that AMAZON knows, or has good reason to know, are engaging in infringement of the '927 Patent by selling infringing goods on Amazon.com.

35. At least as early as June 15, 2010, Plaintiff provided AMAZON with actual notice and knowledge of the '927 Patent and the existence of the Accused Devices appearing on Amazon.com.

36. Since that time, Plaintiff provided AMAZON with multiple written requests to prevent the unauthorized sale of infringing garment folding apparatus on Amazon.com. Plaintiff has provided AMAZON with notice of infringing garment folding apparatus originating from multiple suppliers, including MAXI AIDS, Infinite Beauty Supply, Astor/USA Vitamins, and Elixir.

37. By e-mail correspondence dated March 10, 2011, Plaintiff contacted AMAZON and provided it with specific information regarding the unauthorized sale of garment folding apparatus that infringe the '927 Patent on Amazon.com by various third parties including MAXI AIDS, Infinite Beauty Supply, and Astor. A copy of the e-mail correspondence to AMAZON dated March 10, 2011 from Plaintiff's Marketing Director, Kristen Barker, with the subject heading "infringement on FlipFold US patent" is attached hereto as **Exhibit "I"**.

38. Despite being placed on notice of the '927 Patent, the existence of infringing goods on www.amazon.com, and the identity of the suppliers of said infringing goods, AMAZON failed to prevent the sale of the infringing devices on www.amazon.com, and continues to provide an on-line retail outlet providing consumers the ability to purchase Accused Devices.

39. Plaintiff's federally registered mark FLIPFOLD® has been used without authorization in connection with the sale of Accused Devices by MAXI AIDS and AMAZON on Amazon.com as evidenced by **Exhibit "J"**.

40. Plaintiff's federally registered mark FLIPFOLD® has been used without authorization in connection with the sale of Accused Devices by MAXI AIDS evidenced by **Exhibit "K"**.

## COUNT I
### TEMPORARY AND PERMANENT INJUCTIVE RELIEF

41. Plaintiff repeats and realleges paragraphs 1 through 40 of this complaint as if fully set forth herein.

42. This is an action for temporary and permanent injunctive relief pursuant to 35 U.S.C. § 283 of the United States Patent Act, and pursuant to 15 U.S.C. §1116 of the Trademark Laws of the United States.

43. Pursuant to 35 U.S.C. § 283 of the Patent Act, this Court may "grant injunctions in accordance with the principles of equity to prevent violation of any right secured by patent, on such terms as the court deems reasonable."

44. Pursuant to 15 U.S.C. §1116 of the Trademark Laws, this court "has the power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark office . . ."

45. MAXI AIDS and ZARETSKY have infringed the '927 Patent since it issued by making, using, and/or selling garment folding apparatus, including the Accused Device, covered by the claims of the '927 Patent in the United States and specifically in this Southern District of Florida, and will continue such infringement unless enjoined by this Court.

46. AMAZON has infringed the '927 Patent, and contributed to the infringement thereof, by selling and offering for sale, directly or for others, garment folding apparatus

including the Accused Devices covered by the claims of the '927 Patent in the United States and specifically in this Southern District of Florida, and will continue such infringement unless enjoined by this Court.

47. Despite having actual notice of the '927 Patent, Defendants continue to infringe the '927 Patent.

48. Such blatant disregard for Plaintiff's patent rights has caused, and will continue to cause, Plaintiff irreparable harm. Each day that Plaintiff is deprived of its intellectual property rights causes irreparable injury.

49. Defendants, by their above enumerated acts, have willfully and knowingly violated and infringed and threaten to further infringe the rights of Plaintiff in the federally registered mark FLIPFOLD® in violation of 15 U.S.C. §1114 with the intention of deceiving, confusing, and misleading consumers, and of wrongfully trading on the goodwill and reputation of Plaintiff.

50. Plaintiff has no adequate remedy at law, particularly because Plaintiff is being deprived of its intellectual property.

51. There is substantial likelihood that Plaintiff will succeed on the merits of the instant case.

## COUNT II
## PATENT INFRINGEMENT

52. Plaintiff repeats and realleges paragraphs 1 through 40 of this complaint as if fully set forth herein.

53. Defendants have infringed the '927 Patent since it issued by making, using, and/or selling garment folding apparatus covered by the claims of the '927 Patent in the United States

9

and specifically in this Southern District of Florida, and will continue such infringement unless enjoined by this Court.

54. Defendants MAXI AIDS and ZARETSKY have directly infringed the '927 Patent by, without authorization, making, offering to sell, or selling the Accused Device within the United States or importing into the United States the patented invention claimed in the '927 Patent.

55. Defendant ZARETSKY has induced infringement of the '927 Patent by actively and knowingly aiding and abetting direct infringement by MAXI AIDS.

56. Defendant AMAZON has infringed, contributed to infringement, and actively induced infringement of the '927 Patent by, without authorization, offering to sell, and selling garment folding apparatus including the Accused Devices covered by the claims of the '927 Patent in the United States.

57. Defendants' acts of infringement were conducted with full knowledge of the '927 Patent and in total disregard for Plaintiff's patent rights, and were thus conducted willfully.

58. As a result of Defendants' acts, Plaintiff has been damaged.

59. Defendants' acts of infringement have caused, and will continue to cause, Plaintiff irreparable harm. Each day that Plaintiff is deprived of its intellectual property rights causes irreparable injury.

60. Plaintiff has no adequate remedy at law, particularly because Plaintiff is being deprived of its intellectual property.

## COUNT III
## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK

61. Plaintiff repeats and realleges paragraphs 1 through 40 of this complaint as if fully set forth herein.

62. Defendants, by their above enumerated acts, have willfully and knowingly violated and infringed and threaten to further infringe the rights of Plaintiff in the federally registered mark FLIPFOLD® in violation of 15 U.S.C. §114 with the intention of deceiving, confusing, and misleading consumers, and of wrongfully trading on the goodwill and reputation of Plaintiff.

63. Defendants' acts of infringement were conducted with full knowledge of Plaintiff's federally registered mark and in total disregard for Plaintiff's trademark rights, and were thus conducted willfully.

64. As a result of Defendants' acts, Plaintiff has been damaged.

65. Defendants' acts of infringement have caused, and will continue to cause, Plaintiff irreparable harm. Each day that Plaintiff is deprived of its intellectual property rights causes irreparable injury.

66. Plaintiff has no adequate remedy at law, particularly because Plaintiff is being deprived of its intellectual property.

## COUNT IV
## FALSE DESIGNATION OF ORIGIN UNDER §43(a) OF THE LANHAM ACT

67. Plaintiff repeats and realleges paragraphs 1 through 40 of this complaint as if fully set forth herein.

68. This is an action under §43(a) of the Lanham Act (15 U.S.C. 1125(a) (False Designation of Origin).

69. The use of the name and mark FLIPFOLD® as aforesaid by Defendants is a false designation of origin for the Accused Device garment folding apparatus originating from Defendants MAXI AIDS and ZARETSKY and sold by Defendant on the Amazon.com website operated by AMAZON, and a false and misleading representation in violation of §43(a) of the Lanham Act (15 U.S.C. 1125(a)).

70. Defendants use of the name and mark FLIPFOLD® constitutes a false designation of origin which is likely to deceive and has deceived customers and prospective customers into believing that garment folding devices sold by Defendants are those of Plaintiff, and as a consequence, is likely to divert and has diverted customers away from Plaintiff.

71. Plaintiff has no control over the nature and quality of the products manufactured and sold by Defendants. Any failure, neglect or default by Defendant in providing such products will reflect adversely on Plaintiff as the believed source of origin thereof hampering efforts by Plaintiff to continue to protect its outstanding reputation for high quality garment folding products, resulting in the loss of sales thereof.

72. Defendants' acts of infringement were conducted with full knowledge of Plaintiff's federally registered mark and in total disregard for Plaintiff's trademark rights, and were thus conducted willfully.

73. As a result of Defendants' acts, Plaintiff has been damaged.

74. Defendants' acts of infringement have caused, and will continue to cause, Plaintiff irreparable harm. Each day that FOLD FAST is deprived of its intellectual property rights causes irreparable injury.

75. Plaintiff has no adequate remedy at law, particularly because Plaintiff is being deprived of its intellectual property.

WHEREFORE, Plaintiff prays for:

A. A finding by this Court that Defendants have infringed United States Patent No. 6,360,927;

B. A finding by this Court that Defendants have infringed U.S. Trademark Registration No. 2,488,859, for the mark FLIPFOLD®;

C. A finding by this Court that Defendants' use of the name and mark FLIPFOLD® constituted a false designation of origin under the Lanham Act;

D. An award against Defendants for the damages suffered by the Plaintiff as a result of Defendants' acts of infringement with prejudgment interest thereon;

E. A finding by this Court that Defendants' infringement was willful;

F. A finding by this Court that this case is exceptional due to the willful nature of the infringement;

G. An order enjoining Defendants and their agents, servants, employees and attorneys and all other persons acting in concert or in participation with Defendants from infringing Plaintiff's United States Patent No. 6,360,927;

H. An order enjoining Defendants and their agents, servants, employees and attorneys and all other persons acting in concert or in participation with Defendants from infringing Plaintiff's U.S. Trademark Registration No. 2,488,859, for the mark FLIPFOLD®;

I. An award to Plaintiff of attorney's fees, costs, and expenses in this action; and

J. That this Court grant such other and further relief as this Court may deem just.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable under the law as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: July 7, 2011

Respectfully Submitted,

MALIN HALEY DiMAGGIO
BOWEN & LHOTA, P.A.
1936 South Andrews Avenue
Fort Lauderdale, FL 33316
Ph: (954) 763-3303

/s/ Mark D. Bowen
Mark D. Bowen, Esq.
Fla. Bar No. 29,173
Email: mdb@mhdpatents.com
Counsel for Plaintiff

-and-

Martin B. Woods, Esq.
STEARNS WEAVER MILLER
WEISSLER ALHADEFF & SITTERSON P.A.
New River Center
200 East Las Olas Boulevard
21st Floor (Penthouse A)
Fort Lauderdale, FL 33301
Ph: (954) 462 – 9500
Email: mwoods@stearnsweaver.com
*Co-Counsel for Plaintiff*